UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RODNEY PRESIDENT,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security,<br><br>Defendant. | No. 17 C 4910<br><br>Magistrate Judge Mary M. Rowland |

# MEMORANDUM OPINION AND ORDER

Plaintiff Rodney President filed this action seeking reversal of the final decision of the Commissioner of Social Security denying his application for disability insurance benefits (DIB) under Title II and supplemental security income (SSI) under Title XVI of the Social Security Act. The parties consented to the jurisdiction of the United States Magistrate Judge, pursuant to 28 U.S.C § 636(c) and filed cross motions for summary judgment. This Court has jurisdiction pursuant to 42 U.S.C. § 1383(c) and 405(g). For the reasons stated below, the case is remanded for further proceedings consistent with this Opinion.

## I. PROCEDURAL HISTORY

Plaintiff applied for DIB and SSI benefits on December 23, 2013, alleging that he became disabled on December 1, 2012. (R. at 228–237). Plaintiff later amended

---

[1] Nancy A. Berryhill has been substituted for her predecessor, Carolyn W. Colvin, as the proper defendant in this action. Fed. R. Civ. P. 25(d).

his alleged onset date to January 1, 2014, the date after his last day of work at the RTA. (*Id.* at 383). These claims were denied both initially on April 18, 2014, and upon reconsideration on August 13, 2014. (*Id.* at 115–16, 151–52). Plaintiff meets the insured status requirements through December 31, 2015. Plaintiff, represented by an attorney, testified at a hearing before an Administrative Law Judge (ALJ) on January 21, 2016. (*Id.* at 35–88). The ALJ also heard testimony from Richard Hamersma, a vocational expert (VE). (*Id.*). The ALJ denied Plaintiff's request for DIB and SSI on February 25, 2016. (R. at 16–36).

Applying the five-step evaluation process, the ALJ found, at step one, that Plaintiff has not engaged in substantial gainful activity since January 1, 2014, the amended alleged onset date. (R. at 21). At step two, the ALJ found that Plaintiff had the following severe impairments: osteoarthrosis and allied disorder, sciatica, degenerative disc disease and herniation, and diabetes mellitus with retinopathy. (*Id.*). The ALJ also found that Plaintiff suffered from the following non-severe impairments: COPD, left ankle fracture, depression, and alcohol abuse. (*Id.* at 22). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any of the listings enumerated in the regulation through the date last insured. (*Id.* at 23).

The ALJ then assessed Plaintiff's Residual Functional Capacity (RFC)[2] and determined that Plaintiff has the RFC to perform light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b) with the following restrictions:

> [T]he claimant can occasionally lift 25 pounds and can frequently lift 10 pounds. The claimant can sit 6 hours in an 8-hour day and can stand 6 hours in an 8-hour day. The claimant can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. The claimant can occasionally balance, stoop, kneel, crouch, and crawl. The claimant is limited to frequent vibration, no hazards, and no balancing on uneven surfaces.

(R. at 23). The ALJ determined at step four that Plaintiff is capable of performing his past relevant work as an information clerk. (*Id.* at 29). Accordingly, the ALJ concluded that Plaintiff was not under a disability, as defined by the Act, from the January 1, 2014, through the date of this decision. (*Id.*).

On April 27, 2017, the Appeals Council denied Plaintiff's request for review. (R. at 1–6). Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *Villano v. Astrue*, 556 F.3d 558, 561–62 (7th Cir. 2009).

## II. STANDARD OF REVIEW

A Court reviewing the Commissioner's final decision may not engage in its own analysis of whether the plaintiff is severely impaired as defined by the Social Security Regulations. *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). Nor may it "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or, in general, substitute [its] own judgment for that of the

---

[2] Before proceeding from step three to step four, the ALJ assesses a claimant's residual functional capacity. 20 C.F.R. § 404.1520(a)(4). "The RFC is the maximum that a claimant can still do despite his mental and physical limitations." *Craft*, 539 F.3d at 675–76.

3

Commissioner." *Id.* The Court's task is "limited to determining whether the ALJ's factual findings are supported by substantial evidence." *Id.* (citing § 405(g)). Evidence is considered substantial "if a reasonable person would accept it as adequate to support a conclusion." *Indoranto v. Barnhart*, 374 F.3d 470, 473 (7th Cir. 2004); *see Moore v. Colvin*, 743 F.3d 1118, 1120–21 (7th Cir. 2014) ("We will uphold the ALJ's decision if it is supported by substantial evidence, that is, such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (citation omitted). "Substantial evidence must be more than a scintilla but may be less than a preponderance." *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). "In addition to relying on substantial evidence, the ALJ must also explain his analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005).

Although this Court accords great deference to the ALJ's determination, it "must do more than merely rubber stamp the ALJ's decision." *Scott v. Barnhart,* 297 F.3d 589, 593 (7th Cir. 2002) (citation omitted). "This deferential standard of review is weighted in favor of upholding the ALJ's decision, but it does not mean that we scour the record for supportive evidence or rack our brains for reasons to uphold the ALJ's decision. Rather, the ALJ must identify the relevant evidence and build a 'logical bridge' between that evidence and the ultimate determination." *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014). Where the Commissioner's decision "lacks

evidentiary support or is so poorly articulated as to prevent meaningful review, the case must be remanded." *Steele v. Barnhart,* 290 F.3d 936, 940 (7th Cir. 2002).

### III. DISCUSSION

Plaintiff makes a number of arguments challenging the ALJ's decision. After reviewing the record and the parties' briefs, the Court is convinced by Plaintiff's arguments that the ALJ: 1) failed to properly evaluate Plaintiff's mild limitations in social functioning and in concentration, persistence, or pace when determining Plaintiff's RFC; and 2) failed to properly assess the impact of those limitations on Plaintiff's ability to perform her past relevant work.[3]

"The RFC is an assessment of what work-related activities the claimant can perform despite her limitations." *Young*, 362 F.3d at 1000; see 20 C.F.R. § 404.1545(a)(1) ("Your residual functional capacity is the most you can still do despite your limitations."); SSR 96-8p, at *2 ("RFC is an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities."). The RFC is based upon medical evidence as well as other evidence, such as testimony by the claimant or his friends and family. *Craft v. Astrue*, 539 F.3d 668, 676 (7th Cir. 2008). In assessing a claimant's RFC, "the ALJ must evaluate all limitations that arise from medically determinable impairments, even those that are not severe," and may not dismiss evidence contrary to the ALJ's

---

[3] Because the Court remands for these reasons, it does not address Plaintiff's other arguments at this time.

5

determination. *Villano*, 556 F.3d at 563; see 20 C.F.R. § 404.1545(a)(1) ("We will assess your residual functional capacity based on all relevant evidence in your case record."); SSR 96-8p, at *7 ("The RFC assessment must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence.").

At step 2, the ALJ found that Plaintiff's depression was non-severe but nonetheless caused mild limitations in daily activities, social functioning, and in concentration, persistence, or pace. (R. at 22–23). Likewise, when analyzing Plaintiff's RFC, the ALJ indicated that "the record supports mild limitations" regarding mental impairments. (*Id.* at 28). Despite noting these limitations, the ALJ did not include any non-exertional limitations in the RFC assessment. (*Id.* at 23). The medical record corroborates the ALJ's finding of mild limitations in concentration, persistence, or pace, as Plaintiff was noted to have difficulty in memory and concentration multiple times throughout the record. (R. at 79–80, 95–96, 126–27, 393–96, 415, 437–41, 488–92). The ALJ similarly failed to explain why this evidence does not support the need for non-exertional functional limitations in Plaintiff's RFC. Such an explanation is necessary for judicial review, as without it, the Court cannot follow the ALJ's reasoning. *See Alesia v. Astrue*, 789 F. Supp. 2d 921, 933–34 (N.D. Ill. 2011) (the ALJ's failure to account for the claimant's mild limitation in her activities of daily living, mild limitation in social functioning, and mild limitation in concentration, persistence, or pace necessitates a remand); *Paar v. Astrue*, No. 09 C 5169, 2012 WL 123596, at *13 (N.D. Ill. Jan. 17, 2012)

(remanding when the ALJ's RFC analysis failed to account for the mild mental limitations found in the claimant's activities of daily living, social functioning, and concentration).

Although a mild limitation in an area of mental functioning does not necessarily "prevent an individual from functioning 'satisfactorily,'" *Sawyer v. Colvin*, 512 F. App'x 603, 611 (7th Cir. 2013) (citation omitted), the ALJ is still required to analyze the limitations in light of Plaintiff's other impairments when determining the RFC. *See Simon-Leveque v. Colvin*, 229 F.Supp. 3d 778, 787–88 (N.D. Ill January 17, 2017) (remanding when ALJ failed to explain why mild limitations in mental functioning did not require RFC limitations); *see also Villano*, 556 F.3d at 563 ("the ALJ must evaluate all limitations that arise from medically determinable impairments, even those that are not severe"); *Golembiewski v. Barnhart*, 322 F.3d 912, 918 (7th Cir. 2003) ("Having found that one or more of [claimant's] impairments was "severe," the ALJ needed to consider the *aggregate* effect of this entire constellation of ailments–including those impairments that in isolation are not severe."); 20 C.F.R. § 404.1523 (the combined impact of the impairments must be "considered throughout the disability determination process."). "If the ALJ believed that the mild limitations in these functional areas did not merit a non-exertional limitation in the RFC, he was obligated to explain that conclusion so that we can follow the basis of his reasoning." *Muzzarelli v. Astrue,* No. 10 C 7570, 2011 WL 5873793, at *23 (N.D. Ill. Nov. 18, 2011) (citing *Haynes v. Barnhart,* 416 F.3d 621, 626 (7th Cir. 2005)). The ALJ did not do so here.

As Plaintiff notes, this error is particularly important here, where the VE found that the ALJ's RFC would allow Plaintiff to perform her past semi-skilled position as an information clerk. The *Dictionary of Occupational Titles* defines an information clerk as follows:

> Answers inquiries from persons entering establishment: Provides information regarding activities conducted at establishment, and location of departments, offices, and employees within organization. Informs customer of location of store merchandise in retail establishment. Provides information concerning services, such as laundry and valet services, in hotel. Receives and answers requests for information from company officials and employees. May call employees or officials to information desk to answer inquiries. May keep record of questions asked.

*DOT* 237.367-022. An information clerk is listed with an SVP of 4, or a semi-skilled position. (*Id.*). Such a job requires answering questions and providing information of a variety of topics. It is possible that even mild limitations in social functioning or in concentration, persistence or pace could affect an individual's ability to perform this semi-skilled position. However, because the ALJ did not include any mental limitations in the RFC or in the hypotheticals posed to the VE, the VE did not consider whether Plaintiff's mild mental limitations would preclude him from performing his past semi-skilled work. As such, neither the ALJ, nor this Court, can determine whether Plaintiff is in fact capable of performing his past relevant work as an information clerk. *See Alesia*, 789 F. Supp. 2d at 933–34 ("Because the ALJ did not include any mental functioning restrictions in his RFC finding, claimant's mental functioning limitations could not be taken into account in the step-four finding. As a result, the ALJ never considered whether Claimant's mental

8

impairments affected her ability to perform her past relevant work, which was skilled in nature."); *Simon-Leveque*, 229 F.Supp. 3d at 788 ("Because the ALJ did not account for all of Plaintiff's limitations in his questioning of the VE, it is unclear whether Plaintiff is indeed capable of performing her past relevant work as a brokerage clerk."*); see also Koswenda v. Astrue*, No. 08 C 4732, 2009 WL 958542, at *5 (N.D. Ill. Apr. 2, 2009) (Plaintiff's "limitations in his ability to maintain concentration, persistence or pace, . . . even though mild, should have been included in questions to the VE"). Accordingly, the ALJ did not "build an accurate and logical bridge from the evidence to her conclusion," *Steele*, 290 F. 3d at 941, preventing the Court from assessing the validity of the ALJ's findings and providing meaningful judicial review. *Scott*, 297 F.3d at 595.

Because the Court is unable to determine whether the ALJ adequately considered Plaintiff's mild limitations in social functioning and concentration, persistence or pace in her RFC determination or in her assessment of Plaintiff's ability to perform his past relevant work, the case must be remanded. On remand, the ALJ shall reevaluate Plaintiff's RFC, considering all of the evidence of record, including her mental limitations, and shall explain the basis of her findings in accordance with applicable regulations and rulings. "In making a proper RFC determination, the ALJ must consider all of the relevant evidence in the record, even limitations that are not severe, and may not dismiss a line of evidence contrary to the ruling." *Murphy v. Colvin*, 759 F.3d 811, 817 (7th Cir. 2014) (citation omitted). The RFC shall be "expressed in terms of work-related functions" and

include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts and nonmedical evidence. SSR 96-8p. Finally, with the assistance of a VE, the ALJ shall determine whether Plaintiff can perform her past relevant work or if there are jobs that exist in significant numbers that Plaintiff can perform.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's request to remand for additional proceedings [11] is **GRANTED**, and the Commissioner's motion for summary judgment [14] is **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the ALJ's decision is reversed, and the case is remanded to the Commissioner for further proceedings consistent with this opinion.

E N T E R:

Dated: September 7, 2018

*Mary M Rowland*

MARY M. ROWLAND
United States Magistrate Judge